IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 26-mj-00225-STV

UNITED STATES OF AMERICA,

Plaintiff,

v.

**VALERIE JEAN MASIAS**,

Defendant.

---

**Unopposed Motion for Competency Evaluation**

---

Ms. Masias, through defense counsel, Assistant Federal Public Defender Aron L. Israelite, respectfully requests this Court enter an Order authorizing and designating an examination of the defendant by a licensed or certified psychiatrist or psychologist for the purpose of determining the mental competency of the defendant, and to thereafter set a hearing to determine her competency to proceed, pursuant to 18 U.S.C. § 4241(a), (b) and (c), and 18 U.S.C. § 4247(b) and (c). Ms. Masias further requests that the Court order that this evaluation be held at a suitable facility as close to the District of Colorado as possible.

**Procedural History**

1. October 21, 2026, the government filed a complaint that charged Ms. Masias with one count of Interstate Threats, in violation of 18 U.S.C. § 875(c). Doc. 1. The Court issued an arrest warrant the same day. Doc. 2.
2. Law enforcement arrested Ms. Masias on October 22, 2026, and she made her initial appearance the same day. Docs. 5 & 6. At the Initial Appearance, the Court appointed

counsel. Due, however, to concerns about competency, the Court continued the Initial Appearance until October 27, 2026.

3. On October 27, 2026, the Court held the Initial Appearance. Doc. 9. At this hearing, the undersigned stated that he planned to file a motion to request a competency evaluation, and the Court directed him to file a written motion. *Id.* Additionally, the Court advised Ms. Masias of her rights and ordered her detained pending the resolution of the competency issue.

**Argument**

Pursuant to 18 U.S.C. § 4142(a), a defendant may file a motion for a competency hearing at any time after the "commencement of a prosecution" and before sentencing. "The court shall grant the motion . . . if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." *Id.* Prior to a competency hearing, a court may order that a psychological or psychiatric evaluation of the defendant be conducted and "that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c)." 18 U.S.C. § 4142(b). However, an evaluation is not mandatory, and the decision to order an evaluation lies with the court. *United States v. George*, 85 F.3d 1433, 1437 (9th Cir. 1996).

Additionally, a magistrate judge has the authority to grant a motion for a competency evaluation pursuant to § 4142. Such a motion is not one to which authority is exclusively reserved for district court judges. *See* 28 U.S.C. § 636(1)(A). And the filing of a complaint is the "commencement of a prosecution," which triggers a court's abilities to grant a motion to determine competency. *See United States v. Hemmings*, 1991 WL 79586, at *4 (D.D.C. May 2, 1991) ("Since a Magistrate Judge is generally the only judicial officer who exercises jurisdiction over a criminal

defendant between the time of arrest and the time of indictment, the contention that such a [competency] ruling is beyond the jurisdiction of a Magistrate Judge appears contrary to the intent of [18 U.S.C. § 4241(a)]."). Accordingly, in line with these principles, there are numerous examples of magistrate courts ordering competency evaluations. *See, e.g.*, *United States v. Mayes*, 822 F. Supp. 3d 607, 609 (N.D.N.C. 2026) ("[A]t the detention hearing, Mayes moved for a competency evaluation. On March 2, 2022, Magistrate Judge Meyers granted the motion and ordered a competency evaluation of Mayes."); *United States v. Moser*, 541 F. Supp. 2d 1235, 1237 (W.D. Okla. 2008) (discussing, with approval, magistrate judge's decision to order a competency evaluation); *see also* *United States v. Morrison*, 415 F.3d 1180, 1182 (10th Cir. 2005) (noting, without disapproval, that the magistrate judge ordered a competency evaluation when defendant appeared on a complaint).

The undersigned submits that there is reasonable cause to believe that Ms. Masias may presently be suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense. The undersigned has reached this conclusion based on his communications and interactions with Ms. Masias, which include a jail visit and a meeting with her prior to today's court hearing. Additionally, the undersigned's observations of Ms. Masias' mental state align with those of Assistant Federal Public Defender Kristin Whitaker, who handled Ms. Masias' first court appearance, on October 22, 2026, and has conveyed her concerns about Ms. Masias' to the undersigned.

Accordingly, Ms. Masias, with no opposition from the government, asks Court to enter an order pursuant to 18 U.S.C. § 4247(b) committing Ms. Masias to the custody of the United States Attorney General for a reasonable period, not to exceed 30 days, for a psychiatric and/or psychological examination; the director of the facility may apply for a reasonable extension of time, not to exceed 15 days, upon a showing of good cause that the additional time is necessary to observe

and evaluate Ms. Masias. The undersigned further requests that the Court order that Ms. Masias be held in a "suitable facility" closest to the Court within the District of Colorado, unless impracticable.

Ms. Masias further requests that the Court order that not later than 45 days after the entry of this order, the designated evaluator shall file a report with the Court with copies provided to counsel for Ms. Masias and the attorney for the Government, and shall include, pursuant to 18 U.S.C. § 4247(c):

a. The defendant's history and present symptoms;

b. A description of the psychiatric, psychological, and medical tests that were employed and the results;

c. The examiner's findings;

d. The examiner's opinion as to diagnosis and prognosis;

e. Whether the defendant is suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense.

**Conclusion**

For the foregoing reasons, the undersigned respectfully moves this Court to enter an Order authorizing and designating an examination of Ms. Masias by a licensed or certified psychiatrist or psychologist for the purpose of determining the mental competency of the defendant and set this matter for a competency hearing pursuant to 18 U.S.C. §§ 4241(c) and 4247(d).

//

//

//

//

//

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

*s/ Aron L. Israelite*
ARON L. ISRAELITE
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO 80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Email: aron_israelite@fd.org
Attorney for Ms. Masias

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2026, I electronically filed the foregoing ***Unopposed Motion for Competency Evaluation*** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Laura Cramer-Babycz
Assistant U.S. Attorney
Email: Laura.Cramer.Babycz@usdoj.gov

I also hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Valerie Jean Masias (via U.S. mail)

*s/ Aron L. Israelite*
ARON L. ISRAELITE
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO 80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
Email: aron_israelite@fd.org
Attorney for Ms. Masias